UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMBER HAHMER ULRICH | CIVIL ACTION NO. 14-0037 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHARLES R. SCOTT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are three motions filed by Plaintiff Amber Hahmer Ulrich ("Ulrich"): (1) Motion to Reconsider Summary Judgment FRCP 59(e) and Rule 60(b) (Record Document 64); (2) Motion to Reconsider Motion to Dismiss Detective Ray FRCP 59(e) and Rule 60(b) (Record Document 67); and (3) Motion to Amend Complaint (Record Document 70). Defendants oppose all three motions. See Record Documents 66, 69, 72, and 73. For the reasons contained in the instant Memorandum Ruling, Ulrich's motions are **DENIED**.

**I.    Legal Standards.**

Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." F.R.C.P. 59(e). "Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." Hill v. Kervin, No. CIV A 08-272-P, 2009 WL 2254295, at *1 (W.D. La. July 28, 2009). Altering or amending a judgment is considered "an extraordinary measure, which courts should use sparingly." In the Matter of Self, 172 F.Supp.2d 813, 816 (W.D. La.2001).

Rule 60(b) provides that "the court may relieve a party or its legal representative

from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." F.R.C.P. 60(b). "Relief under Rule 60(b) is considered an extraordinary remedy," as the "desire for a judicial process that is predictable mandates caution in reopening judgments." Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir.1998) (citation omitted).

II.  **Motion to Reconsider Summary Judgment FRCP 59(e) and Rule 60(b) (Record Document 64)**

While labeled as a motion to reconsider a summary judgment ruling, Ulrich asks the Court to reconsider its ruling on a Rule 12(b)(6) motion to dismiss. On August 16, 2016, this Court granted a Rule 12(b)(6) motion filed by Defendants, Caddo Parish Assistant District Attorneys Geya Prudhomme ("Prudhomme"), Jordan Bird ("Bird") and Kenya Ellis ("Ellis"). See Record Documents 60 & 61. All federal and state law claims against Prudhomme, Bird and Ellis were dismissed. See id. As to Defendants Bird and Prudhomme, Ulrich contends the Court's ruling was in error and creates manifest injustice. See Record Document 64 at 2.[1] She asks the Court to apply "relevant case law," specifically Loupe v. O'Bannon, 824 F.3d 534 (5th Cir. 2016) and Cole v. Carson, 802 F.3d

---

[1] Ulrich does not request reconsideration as to the dismissal of Ellis. See Record Document 64-1 at 5.

752 (5th Cir. 2015), and reconsider the dismissal of all claims against Defendants Prudhomme and Bird. See id. Ulrich argues that she has plead actions on the part of Prudhomme and Bird which form a cause of action not protected by absolute immunity. See Record Document 64-1 at 7.

The Court has reviewed both Loupe and Cole and finds neither case dictates reconsideration in this instance. In Loupe, the Fifth Circuit addressed the applicability of absolute immunity to a claim against a prosecutor who had ordered a warrantless arrest after a judge refused to issue a bench warrant. See Loupe, 824 F.3d at 540. In Cole, the Fifth Circuit discussed absolute immunity in the context of law enforcement officers and prosecutors who lie or provide false information. See Cole, 802 F.3d at 774-776. The court noted that a prosecutor is not entitled to absolute immunity when he falsifies an affidavit supporting an arrest warrant. See id. at 775. Here, Defendants Prudhomme and Bird did not order a warrantless arrest. Moreover, they did not execute an affidavit or testify under oath as witnesses in order to secure a bench warrant. Loupe and Cole are factually distinguishable from the instant matter and neither case serves as intervening change in controlling law. See Hill, 2009 WL 2254295, at *1. Ulrich has failed to demonstrate that the extraordinary remedy of reconsideration, whether it be under Rule 59(e) or Rule 60(b), is warranted.

### III. Motion to Reconsider Motion to Dismiss Detective Ray FRCP 59(e) and Rule 60(b) (Record Document 67)

On August 29, 2016, this Court granted a Rule 12(b)(6) motion filed by Defendant, Shreveport Police Officer Jimmy N. Ray ("Officer Ray"). See Record Documents 62 & 63. The Court held that Officer Ray was entitled to qualified immunity and all of Ulrich's claims against Officer Ray were dismissed with prejudice. See id. The Court also granted the

Rule 12(b)(6) motion as to the federal and state law claims against the City of Shreveport ("the City"), finding no viable Monell claim and no viable vicarious liability state law claim because "in the absence of any underlying tortious conduct of City employees, there can be no vicarious liability on the part of the City." Record Document 62 at 13. Ulrich now moves for reconsideration, arguing that the Court's ruling "was issued in error and creates manifest injustice as to the dismissal of Detective Jimmy N. Ray and the City under state law." Record Document 67 at 2. Ulrich argues that she has plead actions on the part of Officer Ray that "form a cause of action no protected by qualified immunity" and that "provide a basis for state law claims." Id. Ulrich focuses on her malicious prosecution and double jeopardy claims. See Record Document 67-1 at 4-7.

A review of the Third Amended Complaint reveals that Ulrich asserted a Fifth Amendment claim grounded in double jeopardy protection and a claim for "violation of due process, malicious prosecution," both federal claims. See Record Document 39 at ¶¶ 39-44, 51-52. Moreover, Ulrich's state law claims are asserted against the City and the City Attorney, not Officer Ray. See id. at ¶¶ 53-58. There is no specific reference to Officer Ray in the factual allegations relating to Ulrich's state law claims. See id. Ulrich has not met her burden of establishing a reason under Rule 59(e) or Rule 60(b) to warrant reconsideration of this Court's analysis of qualified immunity as to the federal claims or the dismissal of the state law claims. At this late stage, rehashing arguments and/or alleging new factual allegations, which could have previously been pled, are insufficient bases for reconsideration.

**IV.   Motion to Amend Complaint (Record Document 70)**

Ulrich has also filed a motion to amend her Complaint to further details the claims

against Defendant Prudhomme in her individual capacity, seeking to avoid absolute immunity.  See Record Document 70 at 2.  Ulrich likewise seeks to amend her Complaint as to the factual allegations relating to Officer Ray.  See id. at 2-3.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. "The Court should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a)(2).  Ultimately, however, the decision to grant leave to amend a complaint a second or successive time is at the discretion of the district court, and is subject to reversal only upon a finding of abuse of discretion. See Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006).  "In determining whether to grant leave, a district court may consider such factors as (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 268 (5th Cir. 2004).

Here, Ulrich seeks to file a fourth amended complaint.  The allegations she seeks to add are not based on any new information or evidence and the Court finds no justification for allowing Ulrich to attempt to correct deficiencies in her complaint a fifth time. She has had a fair opportunity to make her case and the Court will permit no further amendments.  See Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003) ("[T]his Court held that 'at some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.'").  The Motion to Amend Complaint is, therefore, **DENIED**.

## CONCLUSION

Based on the foregoing analysis, Ulrich's Motions to Reconsider (Record Documents 64 and 67) are **DENIED**. She has failed to demonstrate that the extraordinary remedy of reconsideration, whether it be under Rule 59(e) or Rule 60(b), is warranted. Likewise, her Motion to Amend Complaint (Record Document 70) is **DENIED**, as she has had a fair opportunity to make her case in the four previous complaints.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of September, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE